IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN JAMES MANNING, #2458368, PLAINTIFF, | § § § § | |
| v. | § § | CIVIL CASE NO. 3:23-CV-2165-S-BK |
| U.S. FEDERAL JUDGES, DEFENDANTS. | § § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, the complaint should be **DISMISSED WITHOUT PREJUDICE** because of improper venue.

On September 21, 2023, Plaintiff Kevin James Manning, a state prisoner at the Hutchins State Jail in Dallas, Texas, filed a *pro se* complaint seeking the "disqualification & recusal" of two federal judges in the Eastern District of Texas where two of his cases are pending. Doc. 3 at 1. Manning did not move to proceed *in forma pauperis* but asserts his "inability to proceed." Doc. 3 at 1. This is Manning's third civil action in this Court since May 2023.

Manning asserts that the same federal judges are assigned to Case Nos. 6:23cv379 and 6:23cv301 in the U.S. District Court for the Eastern District of Texas. Doc. 3 at 1. He alleges that "Henderson County Jail is a very small jail and [to] have two major federal civil cases at the same time with the same defendants is odd." Doc. 3 at 1. Manning thus requests that new

judges be assigned to Case No. 6:23cv379. *Id.* He adds that Henderson County "illegally convicted [him] with no probable cause [and] illegally search[ed] and seized [his] property." *Id.*

Venue in a civil case is governed by 28 U.S.C. § 1391(b), which aims to place lawsuits in the judicial district most connected to the parties or the events giving rise to the action.

Section 1391(b) provides that a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Based on Manning's allegations, the events giving rise to his claims occurred in Tyler, Texas (Henderson County), within the jurisdictional boundaries of the United States District Court for the Eastern District of Texas, Tyler Division. 28 U.S.C. § 124(c)(1). Manning does not assert that any acts or omissions occurred within the geographic region served by the United States District Court for the Northern District of Texas. So venue is not proper in the Northern District of Texas.

When venue is not proper, a district court has the authority to dismiss the case or transfer it in the interest of justice to any district or division in which the action could have been brought. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). *See Caldwell v. Palmetto State*

*Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987) (concluding the district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice).

Here, a transfer to the appropriate district is not in the interest of justice. Considering the relative infancy of the case, the limited request sought—disqualification and removal of judges in Eastern District cases—and Manning's recent filing spree, the Court should apply its broad discretion to dismiss the complaint without prejudice to it, or an appropriate motion to recuse, being filed in the proper district.

Accordingly, Manning's complaint should be **DISMISSED WITHOUT PREJUDICE** because venue is improperly laid in this district. *See* 28 U.S.C. § 1406(a).

**SO RECOMMENDED** on October 10, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).